IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-305-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHRISTOPHER BLAKE SQUIRE | ) | |

This matter is before the court[1] on defendant's letter (DE 113) regarding 28 U.S.C. § 2255 motion, which the court construes as a motion for extension of time to file a motion under 28 U.S.C. § 2255.

The court lacks jurisdiction to consider a motion for extension of time to file a § 2255 petition. See United States v. Harris, 304 F. App'x 223 (4th Cir. 2008); United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007). Nevertheless, a district court may opt to recharacterize a timely motion for an extension of time as a § 2255 petition where it raises "potential grounds for relief" challenging the original judgment of conviction. Id.; see also Johnson v. United States, No. 5:05-CR-209-FL, 2010 WL 4026086 *2 (E.D.N.C. Oct. 13, 2010) ("[A] district court may opt to recharacterize a timely motion for an extension of time as a § 2255 petition, . . . in the limited instance where the motion for extension of time 'contains allegations sufficient to support a claim under section 2255.'") (quoting Ramirez v. United States, 461 F.Supp.2d 439, 440 (E.D.Va. 2006)).

---

[1] This matter was originally assigned to the Hon. James C. Fox, then reassigned to the Hon. Terrence W. Boyle, on May 29, 2018, due to retirement of Judge Fox. On July 26, 2018, this matter was reassigned to the undersigned, at the direction of the Court.

In this case, defendant does not describe any grounds upon which he seeks to assert a motion under § 2255. Given that defendant has not raised potential grounds for relief under § 2255, the court thus DISMISSES defendant's motion for lack of jurisdiction. The court reminds defendant of the time period limitations that apply to a motion under § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

SO ORDERED, this 26th day of July, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge