IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-305-FL-1
NO. 5:19-CV-62-FL

| | |
|---|---|
| CHRISTOPHER BLAKE SQUIRE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 118), as well as the government's motion to dismiss (DE 130). Where petitioner has not responded to the motion to dismiss, the issues raised are ripe for ruling. For the following reasons, the court grants the government's motion and dismisses petitioner's motion.

**BACKGROUND**

On October 5, 2016, Petitioner was convicted, after a jury trial, of possession with intent to distribute a quantity of heroin and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Count One); possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Two); maintaining a place for the purpose of manufacturing, distributing, or using controlled substances, in violation of 21 U.S.C. § 856(a)(1) and (b) (Count Three); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A)(i) (Count Four).

On December 14, 2016, the court sentenced petitioner to 80 months' imprisonment on Counts One, Two, and Three and 60 months on Count Four to be served consecutively, for a total term of 140 months' imprisonment. Petitioner appealed and the appeal was denied on December 20, 2017.

On February 26, 2019, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, asserting claims based upon alleged ineffective assistance of trial counsel.

## COURT'S DISCUSSION

A. Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B. Analysis

To establish a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that defense counsel's performance was deficient, in that counsel's "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) that this deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Courts must apply a "highly deferential" standard in reviewing an attorney's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To establish prejudice, the petitioner must demonstrate there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. It is not sufficient to show the mere "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In considering the prejudice prong, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Here, petitioner's claims must be dismissed because they fail to state facts plausibly raising a claim of ineffective assistance of counsel or right to relief under § 2255. Where petitioner argues that his counsel was ineffective by failing to move for a suppression hearing and/or to suppress certain evidence introduced during his trial, petitioner has failed to plausibly allege that the court would have excluded any of the evidence he complains was introduced. Therefore, petitioner has failed to demonstrate either that counsel's performance was deficient or prejudicial.

Where petitioner argues that counsel was ineffective by failing to move for a new jury or a dismissal, petitioner provides no basis for so moving. Similarly, where petitioner suggests that counsel was ineffective in failing to scrutinize the case after trial, or in failing to provide trial transcripts, petitioner has not alleged a plausible basis for a reasonable probability of a different result. Finally, where petitioner complains of counsel's performance for purposes of certiorari review, petitioner fails to state a claim under § 2255, where petitioner had no right to counsel in pursuing certiorari review. See Ross v. Moffitt, 417 U.S. 600, 617-18 (1974).

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the government's motion to dismiss (DE 130) is GRANTED, and petitioner's § 2255 motion (DE 118) is DENIED. A certificate of appealability is DENIED.

SO ORDERED, this the 10th day of October, 2019.

LOUISE W. FLANAGAN
United States District Judge